*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JW and GW, Minors.

UNPUBLISHED
July 22, 2026
2:04 PM

No. 376936
Crawford Circuit Court
Family Division
LC No. 24-004849-NA

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

Respondent appeals by right the order terminating her parental rights to her two children, JW and GW, under MCL 712A.19b(3)(b)(*ii*) (failure to protect the children from sexual abuse). We conditionally reverse and remand to the trial court for that court to comply with the notice provisions of the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*.

## I. FACTUAL BACKGROUND

The children were sexually abused by their maternal grandfather, who also had sexually abused respondent during her childhood. Despite her own sexual abuse, respondent placed the children in her father's care. According to the children's paternal grandmother and aunt, in 2021, JW disclosed sexual abuse to them, and the grandmother and aunt informed respondent. However, respondent indicated that JW was a liar and did not report the incident or keep JW away from her grandfather. The sexual-abuse disclosures also were reported to JW's doctor and school, but because the family already was involved with Children's Protective Services (CPS), it was assumed that CPS already was aware of the sexual abuse.

JW disclosed sexual abuse to a new individual in 2024, and during forensic interviews both JW and GW disclosed sexual abuse. Petitioner was under the impression that the children had not previously disclosed the abuse. As a result, petitioner did not request that respondent's parental rights be terminated at the initial dispositional hearing. At the preliminary hearing, respondent indicated that the children might have tribal affiliations, and petitioner indicated that it would contact the children's possible tribes. At later hearings, the caseworker orally indicated that the tribes had been contacted and responded that the children were not eligible for tribal membership.

-1-

However, copies of the notices and return receipts used to mail them are not present in the lower court file.

After learning that the children previously had disclosed sexual abuse but respondent had returned the children to the abuser's home, petitioner filed an amended petition that sought to terminate respondent's parental rights. After a hearing regarding the amended petition, the trial court terminated respondent's parental rights to both children. Respondent now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo issues of law, including the interpretation and application of ICWA and the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 *et seq*. *In re Morris*, 491 Mich 81, 97; 815 NW2d 62 (2012). "This Court reviews de novo the trial court's interpretation and application of statutes and court rules." *In re MJC*, 349 Mich App 42, 48; 27 NW3d 122 (2023). This Court reviews for clear error the trial court's finding regarding jurisdiction over children. *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020). A finding is clearly erroneous if, after reviewing the entire record, this Court is definitely and firmly convinced that the trial court made a mistake. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

This Court also reviews for clear error the trial court's decision that a petitioner has established a ground for termination by clear and convincing evidence. *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003). Lastly, this Court reviews for clear error the trial court's best-interests determination. *In re Rippy*, 330 Mich App 350, 360; 948 NW2d 131 (2019).

## III. ICWA

Respondent argues that this case must be conditionally reversed because the lower court record lacks documentation regarding notice to the children's potential Indian tribes. Petitioner concedes that the documentation does not exist but argues that any error was harmless. Because this error cannot be harmless, we must conditionally reverse and remand for the trial court to resolve the ICWA-notice violation issue.

"ICWA establishes various substantive and procedural protections intended to govern child custody proceedings involving Indian children." *Morris*, 491 Mich at 99. To comply with ICWA, it is "essential that certain documents be included in the record." *Morris*, 491 Mich at 113. A lack of documentation prevents the trial court from properly fulfilling its functions under ICWA and prevents this Court from exercising our appellate functions. *Id*. The court must include a copy of each notice and a copy of documentation that shows that the notice was delivered:

> [T]rial courts have a duty to ensure that the record includes, at minimum, (1) the original or a copy of each actual notice personally served or sent via registered mail pursuant to 25 USC § 1912(a), and (2) the original or a legible copy of the return receipt or other proof of service showing delivery of the notice. [*Morris*, 491 Mich at 114.]

"[T]he proper remedy for ICWA-notice violations is to conditionally reverse the trial court and remand for resolution of the ICWA-notice issue." *Id*. at 122. A notice violation is harmless

only if no Indian child is involved or the tribe was given proper notice but did not timely respond. *Id*. at 121-122.

In this case, petitioner concedes that there is no written ICWA-notice documentation in the lower court file. Our Supreme Court has explicitly provided the remedy for ICWA-notice violations. Further, absent the documentation, it is not possible to clearly determine whether an Indian child was involved in the proceedings or the tribe failed to timely respond. Accordingly, this error cannot be harmless, and we must conditionally reverse.

## IV. STATUTORY GROUNDS

Respondent raises various arguments alleging procedural and substantive errors in the trial court's decision to terminate her parental rights at the initial dispositional hearing. "Absent aggravating circumstances, the DHHS has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022) (quotation marks and citation omitted). However, the trial court must terminate the parent's parental rights at the initial dispositional hearing following an amended petition if clear and convincing, legally admissible evidence establishes a ground to terminate the respondent's parental rights under MCL 712A.19b(3)(b):

> The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if
>
> (1) the original, *or amended*, petition contains a request for termination;
>
> (2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;
>
> (3) *at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence* that had been introduced at the trial or plea proceedings, or *that is introduced at the dispositional hearing*, that one or more facts alleged in the petition:
>
> (a) are true, and
>
> (b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (*l*), or (m);
>
> (4) termination of parental rights is in the child's best interests. [MCR 3.977(E) (emphasis added).]

The language of MCR 3.977(E) clearly contemplates that an amended petition may contain a request to terminate respondent's parental rights and that, if clear and convincing admissible evidence is introduced at the dispositional hearing, the trial court must terminate the parent's

rights. This is precisely what happened in this case, and the trial court did not err by following this procedure.

Respondent next argues that it was inappropriate for petitioner to seek to terminate her parental rights after the trial court initially held that reasonable efforts were required to reunify the family. A trial court's determination regarding a previous petition does not bind the court's decisions regarding an amended petition. See *In re Sanborn*, 337 Mich App 252, 262; 976 NW2d 44 (2021). In this case, the trial court's initial order that reasonable efforts be made to reunify the family did not prevent it from later finding that aggravated circumstances existed and warranted termination of respondent's parental rights.

Third, respondent argues that termination was inappropriate because petitioner did not establish that a penetration, attempted penetration, or assault with intent to commit penetration occurred. See MCL 722.638(1)(a)(*ii*). Respondent asserts that the evidence at the hearing on the amended petition regarding sexual abuse was not legally admissible because it contained hearsay statements by JW.

As an initial matter, respondent did not preserve this argument. A parent must raise an issue before the trial court to preserve it for appellate review, *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008), and respondent did not raise any hearsay objections to the testimony about the child's disclosures.[1] This Court reviews unpreserved issues in child-welfare proceedings for plain error. *MJC*, 349 Mich App at 47. The respondent must establish that (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected the respondent's substantial rights. *Id*. at 48. This Court must then consider whether "seriously affected the fairness, integrity or public reputation of the judicial proceedings." *In re Barber/Espinoza*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 167745); slip op at 14 (quotation marks and citation omitted).

We conclude that, if the trial court erred by allowing other witnesses to testify about JW's out-of-court statements, this error was not clear or obvious. Hearsay generally is not admissible. MRE 802. However, a child's spontaneous statement about a sexual act is admissible under some circumstances. *People v Gursky*, 486 Mich 596, 606-607; 786 NW2d 579 (2010). Although the Michigan Rules of Evidence indicate that this tender-years exception applies in criminal and delinquency proceedings, MRE 803A(a), this Court often applies the standards of criminal proceedings by analogy to child-protective proceedings, *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). We offer no opinion regarding whether the Michigan Rules of Evidence render a child's hearsay statement about criminal sexual conduct admissible in child-protective proceedings. However, because there are circumstances under which a young child's spontaneous statement about sexual assault are properly admitted despite being hearsay, any error was not clear or obvious. Accordingly, respondent has not established that the trial court plainly erred. Further, in so concluding, we emphasize that MCR 3.972(C)(2) provides that "[a]ny statement made by a child under 10 years of age . . . regarding an act of . . . confirmed sexual abuse" may be admissible hearsay in juvenile proceedings. Had this issue been preserved, the parties could have litigated

---

[1] Respondent's only hearsay objections concerned the testimony of a psychologist.

-4-

the applicability of that court rule during the proceedings below. Thus, there was evidence to show that sexual penetration occurred.

Fourth, respondent argues that the trial court erred by finding grounds to terminate her parental rights when it specifically found that respondent was not trying to have her children be sexually abused. The parent does not need to be the person who committed the criminal sexual conduct involving penetration. *Barber/Espinoza*, ___ Mich at ___; slip op at 11. A parent may place a child at an unreasonable risk of sexual abuse by failing to take reasonable steps to eliminate the risk or by actively creating the risk. *Id*. at ___; slip op p 2.

In this case, the children's grandmother and aunt testified that, three years before the abuse that led to the present petition, they had informed respondent that JW had disclosed sexual abuse. Respondent denied this assertion and argues on appeal that it is not credible that this actually occurred, given that the child's doctor and school failed to act. However, the doctor and school both confirmed that the grandmother had disclosed the abuse to them; they merely offered reasons why they had not reported the abuse to CPS. The trial court found the grandmother and aunt to be credible, and we defer to that determination. See *In re Gach*, 315 Mich App 83, 93; 889 NW2d 707 (2016).

Despite being informed about the abuse by the children's grandmother and aunt in 2021— and despite how the grandfather had sexually abused respondent as a child—respondent returned the children to his household in 2022 and 2023. We are not definitely and firmly convinced that the trial court made a mistake when it found that respondent placed the children at an unreasonable risk of harm and failed to take reasonable steps to intervene and eliminate the risk that the grandfather posed to the children. As a result, a person with whom the children resided committed criminal sexual conduct against them that involved penetration. Further, given that respondent knowingly and repeatedly exposed her children to the risk of sexual abuse, it was reasonably likely that such risks would reoccur in the future. Therefore, we conclude that the trial court did not clearly err when it found that MCL 712A.19b(3)(b)(*ii*) warranted terminating respondent's parental rights.[2]

Lastly, respondent argues that the trial court improperly used the doctrine of anticipatory neglect to support its termination decision regarding GW. The trial court referred only to the sexual abuse of JW when rendering its decision, and it stated that it could extrapolate what had happened to JW to GW. A trial court may not use the doctrine of anticipatory neglect to find that aggravated circumstances exist. *In re KV*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 374236), slip op at 4. However, the trial court has statutory grounds to terminate a parent's parental rights when a child *or sibling of the child* suffered sexual abuse and the parent who had the opportunity to prevent the abuse failed to do so. MCL 712A.19b(3)(b)(*ii*). It was not necessary

---

[2] MCL 712A.19b(3)(b)(*ii*) provides that termination of parental rights is warranted when "[t]he child or a sibling of the child has suffered physical injury or physical or sexual abuse," "[t]he parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so," and "the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home."

for the trial court to rely on the doctrine of anticipatory neglect to terminate respondent's parental rights to GW, and the court did not err by terminating respondent's parental rights on this basis.

## V. BEST INTERESTS

Respondent argues that terminating her parental rights was not in the children's best interests because she was engaged in services, the children were bonded with her, the trial court did not consider the children's placement with a relative, and the court did not consider their best interests individually. We conclude that the trial court did not err by finding that terminating respondent's parental rights was in the children's best interests.

To determine whether termination of a parent's parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the "child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Mota*, 334 Mich App 300, 321; 964 NW2d 881 (2020) (quotation marks and citation omitted). The trial court also may consider "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. (quotation marks and citation omitted). "[T]he trial court has a duty to decide the best interests of each child individually." *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012). However, the trial court need not make redundant findings regarding the best interests of each individual child. *In re White*, 303 Mich App 701, 716; 846 NW2d 61 (2014).

First, respondent argues that the trial court erred because she was participating in services. In this case, the trial court did not address respondent's compliance with her service plan when deciding the children's best interests. A parent's compliance with a case service plan is only one factor, out of many, that the trial court may consider. See *Mota*, 334 Mich App at 321. Further, it was logical for the trial court not to address this factor when respondent was not entitled to reunification services.

Second, respondent argues that the trial court erred by finding that she did not have a good bond with the children. The trial court found that respondent did not have a strong bond with JW and had a limited bond with GW. Although the children's caseworker testified that the children loved respondent and appeared to have a bond with her, it is undisputed that respondent repeatedly placed the children outside of her home under powers of attorney. Further, the children's grandmother testified that JW was afraid of respondent and that respondent and GW appeared to lack a bond because of the amount of time respondent was out of the home. We are not definitely and firmly convinced that the trial court made a mistake by finding that the children were not bonded with respondent. Further, although respondent argues that the trial court did not consider JW and GW's interests separately, the fact that the court considered their separate bonds indicates otherwise.

Third, respondent argues that the trial court failed to consider the children's placement with a relative. The trial court's factual findings concerning the child's best interests are inadequate if the child is placed with a relative but the court does not expressly consider that fact. *In re Mays*, 490 Mich 993, 994 (2012). "Generally, a child's placement with relatives weighs against

termination." *In re Gonzales/Martinez Minors*, 310 Mich App 426, 434; 871 NW2d 868 (2015) (quotation marks and citation omitted). In this case, the trial court explicitly stated that it was considering the children's placement with a relative. Although part of its statement was inaudible, the context of the statement indicates that it was juxtaposing the children's relative placement with factors that supported termination. Accordingly, we reject this argument.

Lastly, respondent argues that the trial court erred by failing to consider a guardianship. A respondent's argument that a court should have established a guardianship is without merit when the court has found that terminating the parent's rights is in the child's best interests. *In re Rippy*, 330 Mich App at 359-360. Thus, this argument is without merit.

## VI. CONCLUSION

We conditionally reverse the order terminating respondent's parental rights and remand to the trial court for that court to resolve the ICWA-notice issue. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young